UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE RUBY,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN A. MATEVOVSIAN,<br><br>    Defendant. | Case No.: 1:18-cv-00200-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT<br><br>(Doc. No. 38) |

Plaintiff Steve Ruby is proceeding pro se and in forma pauperis in this action filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674.

Currently before the Court is Plaintiff's motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).

**I.**

**BACKGROUND**

On June 6, 2019, the Court granted Defendant's motion to dismiss the instant action for lack of subject matter jurisdiction and judgment was entered. (Doc. Nos. 36, 37.)

As previously stated, on June 28, 2019, Plaintiff filed a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendant filed an opposition on July 22, 2019, and Plaintiff filed a reply on August 8, 2019.

///

1

## II.

## DISCUSSION

A rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

Plaintiff contends that prison staff provided false testimony regarding the use of a MK-9 pepper spray cannister to quell the riot on July 24, 2015. Plaintiff argues that the alleged testimony resulted in a Brady violation.

A Rule 59(e) motion is not be used to present the same arguments and evidence previously presented to the Court. Plaintiff attached the declaration from inmate, Sione Vatuvei, to his opposition to the motion to dismiss. (ECF No. 31, Ex. E.) Although the Court did not specifically address the declaration by inmate Vatuvei, it does not change the Court's analysis. The declaration is of minimal evidentiary value given that inmate Vatuvei does not indicate which yard he was on when the disturbance took place; whether he was in the yard where the disturbance took place (Yard 3) as opposed to the other two yards at the prison; whether he took part in the disturbance; and, if he did not take part in the disturbance, how far he was from where it took place. Accordingly, the declaration by inmate Sione Vatuvei does not establish that prison officials provided false testimony that a MK-9 pepper spray cannister was dispersed to quell the riot on July 24, 2015, and there is no other evidence to the contrary. Because Plaintiff has failed to present any newly discovered evidence; has not demonstrated that the Court committed clear error; and has not pointed to any intervening change in the controlling law, the Rule 59(e) motion must be denied.

///

///

///

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Rule 59(e) motion, filed on June 28, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **August 12, 2019**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE